UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JACQUELINE VERSER,
on behalf of herself and
all others similarly situated,                          Case No. 20-cv-649

                    Plaintiff,                          **COLLECTIVE AND CLASS**
        v.                                              **ACTION PURSUANT TO**
                                                        **29 U.S.C. §216(b) AND**
CARING WITH HONOR LLC                                   **AND FED. R. CIV. P. 23**
3073 South Chase Street, Suite 300
Milwaukee, Wisconsin 53207                              **JURY TRIAL DEMANDED**

                    Defendant

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Jacqueline Verser, on behalf of herself and all other similarly situated

current and former hourly-paid, non-exempt employees of Defendant, Caring With Honor LLC,

for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime

compensation, regular wages, liquidated damages, costs, attorneys' fees, declaratory and/or

injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant is a non-medical in-home care company.

3.      Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) failing to compensate said employees for compensable travel time during the work day, in violation of the FLSA and WWPCL; and (2) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

4.      Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**PARTIES**

8.     Defendant is a Milwaukee, Wisconsin-based company with a principal office address of 3073 South Chase Street, Suite 300, Milwaukee, Wisconsin 53207.

9.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

10.     For purposes of the FLSA, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

11.     Plaintiff, Jacqueline Verser, is an adult female resident of the State of Wisconsin residing at 4106 West Fairmount Avenue, Milwaukee, Wisconsin 53209.

12.     Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

13.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Certified Nursing Assistant in the State of Wisconsin providing non-medical in-home care, services, and support to Defendant's clients and customers at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

14.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this

Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

15. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees on whose behalf they bring this Complaint performed compensable work in the same or similarly-titled positions subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

16. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

17. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

18. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

20.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

21.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

22.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' hourly rates of pay and means of compensation.

23.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

24.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

## **GENERAL ALLEGATIONS**

25.     In approximately August 2019, Defendant hired Plaintiff as an hourly-paid, non-exempt Certified Nursing Assistant providing non-medical in-home care, services, and support to Defendant's clients and customers in southeastern Wisconsin.

26.     In approximately March 2020, Plaintiff's employment with Defendant ended.

27.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

28.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

29.     On a daily basis during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked alongside other hourly-paid, non-exempt employees providing non-medical in-home care, services, and support to Defendant's clients and customers in southeastern Wisconsin.

30.     On a daily basis during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction providing non-medical in-home care, services, and support to Defendant's clients and customers in southeastern Wisconsin.

31.     On a daily basis during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' primary job duties were to travel to, between, and from clients' and customers' homes in the State of Wisconsin in personally-owned vehicles to provide non-medical in-home care, services, and support.

32.     On a daily basis during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to Plaintiff and all other hourly-paid, non-exempt employees was to travel to, between, and from clients' and customers' homes in the State of Wisconsin in personally-owned vehicles to provide non-medical in-home care, services, and support.

33.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

34.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

36.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

37.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees for compensable travel time during the work day, in violation of the FLSA and WWPCL.

39.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek providing non-medical in-home care, services, and support to Defendant's clients and customers in the State of Wisconsin.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized, electronic timekeeping system (hereinafter simply "Defendant's electronic timekeeping system") for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned providing non-medical in-home care, services, and support to Defendant's clients and customers in the State of Wisconsin, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes when providing non-medical in-home care, services, and support to Defendant's clients and customers in the State of Wisconsin.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's compensation policy, practice, custom, and/or scheme was to compensate Plaintiff and all other hourly-paid, non-exempt employees each work day only for providing non-medical in-home care, services, and support to Defendant's clients and customers.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's compensation policy, practice, custom, and/or scheme was not to compensate Plaintiff and all other hourly-paid, non-exempt employees each work day for time spent travelling to, between, and from clients' and customers' homes throughout the work day.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routine was as follows: travel directly from their residences to clients' and customers' homes at the beginning of the work day in personally-owned vehicles; travel to, between, and from clients' and customers' homes throughout the work day in personally-owned vehicles; and travel from clients' and customers' homes back to their residences in personally-owned vehicles to end the work day.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to Plaintiff and all other hourly-paid, non-exempt employees was as follows: travel directly from their residences to clients' and customers' homes at the beginning of the work day in personally-owned vehicles; travel to, between, and from clients' and customers' homes throughout the work day in personally-owned vehicles; and travel from clients' and customers' homes back to their residences in personally-owned vehicles to end the work day.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's compensation policy, practice, custom, and/or scheme began compensating Plaintiff and all other hourly-paid, non-exempt employees each work day when they arrived at clients' and customers' homes from their residences at the beginning of each work day and "clocked in" via Defendant's electronic timekeeping system.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to Plaintiff and all other hourly-paid, non-exempt employees was to "clock in" via Defendant's electronic timekeeping system when they arrived at clients' and customers' homes from their residences at the beginning of each work day.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the work day for Plaintiff and all other hourly-paid, non-exempt employees commenced when they arrived at clients' and customers' homes from their residences at the beginning of each work day.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's compensation policy, practice, custom, and/or scheme ceased compensating Plaintiff and all other hourly-paid, non-exempt employees each work day when they left clients' and customers' homes and returned to their residences at the end of each work day and "clocked out" via Defendant's electronic timekeeping system.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to Plaintiff and all other hourly-paid, non-exempt employees was to "clock out" via Defendant's electronic

timekeeping system when they left clients' and customers' homes and returned to their residences at the end of each work day.

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the work day for Plaintiff and all other hourly-paid, non-exempt employees ceased when they left clients' and customers' homes and returned to their residences at the end of each work day.

54. Throughout each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) — specifically, the time between when compensable work commenced when Plaintiff and all other hourly-paid, non-exempt employees arrived at clients' and customers' homes at the beginning of the work day, and when compensable work ceased when said employees left clients' and customers' homes each work day — Defendant's expectation, requirement, and directive as communicated to said employees was to travel directly between clients' and customers' homes in order to provide non-medical in-home care, services, and support to Defendant's clients and customers.

55. Throughout each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) — specifically, the time between when compensable work commenced when Plaintiff and all other hourly-paid, non-exempt employees arrived at clients' and customers' homes at the beginning of the work day, and when compensable work ceased when said employees left clients' and customers' homes each work day — Defendant's expectation, requirement, and directive as communicated to said employees was to "clock out" via its electronic timekeeping system when leaving clients' and customers' homes, travel to clients' and customers' homes throughout the work day in personally-owned vehicles, and to "clock back in" when arriving at other clients' and customers' homes.

56. Throughout each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) — specifically, the time between when compensable work commenced when Plaintiff and all other hourly-paid, non-exempt employees arrived at clients' and customers' homes at the beginning of the work day, and when compensable work ceased when said employees left clients' and customers' homes each work day — Plaintiff and all other hourly-paid, non-exempt employees spent between approximately fifteen (15) and sixty (60) minutes each work day travelling to, between, and from clients' and customers' homes each work day in personally-owned vehicles providing non-medical in-home care, services, and support to said clients and customers and for which they were not compensated by Defendant.

57. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in their regular rates of pay for overtime purposes, in violation of the FLSA and WWPCL.

58. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a bi-weekly, monthly, annual, and/or ad hoc basis.

59. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiff and all other hourly-paid, non-exempt employees was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to said employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

60. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and all other hourly-paid, non-exempt employees' regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period that the non-discretionary compensation covered.

61. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

62. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to with regular wages for hours worked less than forty (40) in a workweek and at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

63.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees for all compensable work performed throughout the work day.

64.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all compensable work performed throughout the work day as described herein at said employees' regular hourly rates of pay and/or at an overtime rate of pay.

65.     Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek at said employees' regular rates of pay and/or at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

66.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Travel Time):** All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for compensable travel time during the work day.

**FLSA Collective (Non-Discretionary Compensation):** All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

67. Plaintiff and the FLSA Collectives primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

68. Plaintiff and the FLSA Collectives were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

69. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective (Travel Time) for travel time throughout the work day, resulting in Plaintiff and the FLSA Collective (Travel Time) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

70. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's (Non-Discretionary Compensation) regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

71.     The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

72.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

73.     Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collectives.

74.     Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

75.     Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collectives of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

76.     The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

77. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

78. Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **WWPCL Class (Travel Time):** All hourly-paid, non-exempt employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for compensable travel time during the work day.

> **WWPCL Class (Non-Discretionary Compensation):** All hourly-paid, non-exempt employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

79. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

80. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the

parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

81.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

82.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

84.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

85.     Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

86.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes

is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Classes for all work Defendant suffered or permitted them to perform each work day; (4) Whether Defendant provided the Wisconsin Classes with forms of non-discretionary compensation, and whether Defendant failed to include these forms of non-discretionary compensation in the Wisconsin Classes' regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

87.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of herself and the FLSA Collective – Travel Time)**

88.     Plaintiff, on behalf of herself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

89.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

90.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

91.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

92.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

93.     Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice failed to compensate FLSA Collective for travel time throughout each work day, effectively denying Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

94.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

95.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

96.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay

overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

97.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

98.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of herself and the FLSA Collective –**
**Non-Discretionary Compensation)**

99.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

100.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

101.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

102.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

103.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

104.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of

pay for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

105. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

106. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

107. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

108. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

109. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

110. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiff, on behalf of herself and the Wisconsin Class – Travel Time)**

111. Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

112. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

113. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

114. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

115. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

116. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

117. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class for all travel time through the work day, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

118. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

119. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

120.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## FOURTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of herself and the Wisconsin Class – Non-Discretionary Compensation)

121.     Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

122.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

123.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

124.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

125.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

126.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

127.     Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and

payments, in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

128. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

129. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

130. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FIFTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Regular Wages**
**(Plaintiff, on behalf of herself and the Wisconsin Class – Travel Time)**

131. Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

132. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

133. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

134. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

135. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

136. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

137. Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

138. Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked each workweek, in accordance with Wis. Admin. Code § DWD 272.

139. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class for all travel time each work day, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work

performed each work day and each workweek at their regular hourly rate of pay, in violation of the WWPCL.

140.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

141.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

142.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

   a)   At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

   b)   At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 24th day of April, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com